# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BYRON ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 08-cv-6127 |
| ) | |
| CITY OF CHICAGO, et al., ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' joint motion to dismiss Plaintiffs' amended complaint [38]. Defendant Officers Via, Villareal, Godinez, Velez, Nelson, and Karnick and Defendant City of Chicago move to dismiss Plaintiff Byron Allen's entire amended complaint as time barred. For the following reasons, the Court grants Defendants' motion.

## I. Background

### A. Procedural History

On October 27, 2008, Plaintiff Byron Allen filed a *pro se* complaint against Mayor Daley, Phil Klein [sic], and John Doe arresting officer. While Plaintiff's initial complaint did not delineate any specific cause of action, the Court liberally construed Plaintiff's complaint to allege false arrest and malicious prosecution claims. On February 6, 2009, Defendant Philip Cline filed his answer to Plaintiff's complaint. On February 12, 2009, the Court appointed counsel for Plaintiff, and granted Plaintiff leave to file an amended complaint. After speaking with Plaintiff and conducting an investigation into the names of the arresting officers, Plaintiff's counsel drafted an amended complaint. On June 3, 2009, Plaintiff filed his amended complaint, terminating Mayor Daley and Philip Cline and adding the City of Chicago and Chicago Police

Officers Via, Villareal, Godinez, Velez, Nelson, and Karnick. Plaintiff's amended complaint alleges a 42 U.S.C. § 1983 claim for false arrest, a malicious prosecution claim, and an "abuse of process" claim.

### B. Factual Allegations[1]

On October 26, 2006, at approximately 3:00 p.m., Officer Via was patrolling the parameters of the 700 block of Troy Street in Chicago, Illinois. Officer Via allegedly observed Allen pulling a City of Chicago black garbage bag container and arrested him. Prior to Allen's arrest, Officer Via was not aware of a burglary call for the 700 block of Troy Street in Chicago, Illinois. Officer Via radioed for back up, and Officers Godinez, Velez, and Nelson responded. Allen was transported to the District 14 police station and charged with burglary, theft, criminal damage to property, and domestic battery (pursuant to a warrant). Officer Villareal approved probable cause for the initial arrest for burglary, theft, and criminal damage to property. Officer Karnick provided "final approval" of these charges. Compl. at 3. Allen received a court date and a public defender. Allen's attorney filed a motion to quash the arrest and suppress evidence surrounding the burglary charge. At a hearing conducted on May 11, 2007, the presiding judge determined that no probable cause existed for the burglary arrest and dismissed the burglary charges.

## II. Analysis

### A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in Plaintiff's amended complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

      **B.**     **Statute of Limitations**

Although the statute of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint, "if a plaintiff pleads facts that show its suit barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis." *Whirlpool Financial Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995); see also *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993) ("if [a plaintiff] pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court"). When the face of the complaint affirmatively indicates that the time limit for bringing the claim has passed, the plaintiff may not escape the statute of limitations by saying

nothing. See, *e.g.*, *Kathaur SDN BHD v. Sternberg*, 149 F.3d 659, 670 n. 14 (7th Cir. 1998) (citing *LRL Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1107 n. 6 (6th Cir. 1995)).

As set forth above, Plaintiff alleges the following claims in his amended complaint: False Arrest (Count I); Malicious Prosecution (Count II); and Abuse of Process (Count III). The Clerk's Office received Plaintiff's original complaint on October 27, 2008,[2] and Plaintiff's amended complaint, which named the individual officers, on June 3, 2009.

The length of the limitations period for a § 1983 action is determined by reference to state law personal injury torts. *Owens v. Okure*, 488 U.S. 235, 240-41, 249-50 (1989) (quoting and clarifying *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In Illinois, the pertinent limitations provision requires a would-be plaintiff to bring suit within two years of a cause of action's accrual. 735 ILCS 5/13-202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Thus, § 1983 claims in Illinois also are governed by a two-year statute of limitations. However, Illinois local governmental entities and their employees benefit from a one-year statute of limitations for "civil actions" against them. 745 Ill. Comp. Stat. 10/8-101 ("No civil action * * * may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued"). "While the two-year period still applies to § 1983 claims against such defendants, the one-year period applies to state-law claims that are joined with a § 1983 claim." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Thus, in this case, Plaintiff's false arrest § 1983 claim is subject to the two-year statute of limitations, but his state law claims for malicious prosecution and abuse of process are subject to a one-year statute of limitations.

---

[2] The Clerk's Office filed Plaintiff's complaint on November 5, 2008.

### C. Plaintiff's § 1983 False Arrest Claim Against the Individual Officers

In *Wallace v. Kato*, the Supreme Court determined that when a § 1983 claim *accrues* is a question of federal law. 549 U.S. 384, 388 (2007). The Court further held that the limitations clock on an action brought pursuant to § 1983 for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397. For Plaintiff, that means that the limitations period began to run on or about October 26, 2006, when he was arrested and charged with burglary, theft, criminal damage to property, and domestic battery. See *id.* ("a false imprisonment ends once the victim becomes held pursuant to [legal process] – when, for example, he is * * * arraigned on charges"). The Clerk's Office received Plaintiff's original complaint, which named Mayer Daley, "Phil Klein," and John Doe arresting officer but none of the individual officers, on October 27, 2008.

First, Plaintiff contends that under *Edwards v. United States*, 266 F.3d 756 (7th Cir. 2001), he timely filed his original *pro se* complaint. In *Edwards*, the Seventh Circuit held that the mailbox rule applies to all prisoner district court filings. *Id.* at 758. Thus, the Court agrees with Plaintiff that his original complaint should be deemed filed within the two year limitations period, even if it was not received by the Clerk's Office until October 27 and not docketed until November 5.

Although the Court determines that Plaintiff filed his § 1983 claim within the applicable statute of limitations, he did not name the individual officers until he filed his amended complaint on June 3, 2009. Thus, his § 1983 false arrest claim survives only if the filing of the amended complaint relates back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c). The Seventh Circuit has long interpreted the third prong of Rule 15(c)(1)

5

"to permit an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (internal quotation marks omitted) (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). The Seventh Circuit has "repeatedly reiterated that 'relation back' on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant." *Hall v. Norfolk Southern Ry. Co*, 469 F.3d 590, 595 (7th Cir. 2006); see also *Baskin*, 138 F.3d at 704. The Court has emphasized that Rule 15(c)(1) contains a "mistake" requirement that is independent from the determination of whether the new party knew that the action would be brought against it. *King*, 201 F.3d at 914 (citing *Baskin*, 138 F.3d at 704; *Worthington*, 8 F.3d at 1257; *Wood*, 618 F.2d at 1230). In fact, "in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Baskin*, 138 F.3d at 704 (citing *Wood*, 618 F.2d at 1230).

Plaintiff has the burden of determining who is liable for his injuries and of doing so before the statute of limitations runs out. *Hall*, 496 F.3d at 596; see also *Gavin v. AT&T Corp.*, 2008 WL 400697, at *13 (N.D. Ill. February 12, 2008). As summed up by the Seventh Circuit:

> Whether a plaintiff names a fictitious defendant like "John Doe" because he does not know who harmed him or names an actual – but nonliable – [ ] company because he does not know which of two companies is responsible for his injuries, he has not made a "mistake" concerning "identity" within the meaning of [Rule 15(c)(1)]. He simply lacks knowledge of the proper party to sue. It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding

6

about who is liable for his injury is not a "mistake" as to the defendant's "identity."

*Hall*, 496 F.3d at 596.

In the present case, as in *Hall*, Plaintiff filed his original complaint almost two years after the events giving rise to his claims occurred and days before the statute of limitations was set to run. Plaintiff's failure to determine the names of the officers that might be liable suggests lack of knowledge of the proper defendants, rather than a mistake in identity, at least as those concepts are understood in this circuit's case law. As the court emphasized in *Hall*, for at least a quarter of a century, the Seventh Circuit consistently has upheld a "narrower" view of what constitutes a Rule 15(c) "mistake." 496 F.3d at 596. Under that construction of Rule 15(c), it is the plaintiff's burden to identify the proper party within the applicable limitations period, and there is no recourse under the relation back doctrine if the plaintiff's "mistake" amounts to a lack of knowledge of the proper party at the time the complaint is filed and the plaintiff does not seek leave to amend the complaint to remedy that "mistake" until after the expiration of the limitations period. See *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("[a] plaintiff cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15.").

Plaintiff contends that although his cause of action against the individual officers accrued more than two years before he named those officers, he nonetheless is entitled to equitable tolling under state law. Where a limitations period is equitably tolled, the statute of limitations ceases to run for a period of time. See, *e.g.*, *IPF Recovery Co. v. Ill. Ins. Gaur. Fund*, 826 N.E.2d 943, 947-48 & n.5 (Ill. App. Ct. 2005) ("equitable tolling is an exception to the general

7

rule that a statute of limitations is not tolled absent authorization from a statute"). Although the accrual analysis in a § 1983 case is governed by federal law, the tolling analysis is governed by state law. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001). Under Illinois law, "[e]quitable tolling may be appropriate if defendant has actively misled plaintiff; plaintiff 'in some extraordinary way' has been prevented from asserting his rights; or plaintiff has timely asserted his rights mistakenly in the wrong forum." *Ciers v. O.L. Schmidt Barge Lines, Inc.*, 675 N.E.2d 210, 214 (Ill. App. Ct. 1996). Illinois courts teach that equitable tolling "must be applied with caution." *Id.*

Plaintiff has not alleged that any of the Defendants actively misled him or that he timely asserted his rights mistakenly in the wrong forum. See *id*. Rather, Plaintiff appears to rest his equitable tolling argument on the notion that he "in some extraordinary way" has been prevented from asserting his rights. Plaintiff argues that *Donald v. Cook County Sheriff's Department*, 95 F.3d 548 (7th Cir. 1996), compels the application of equitable tolling in this case. In *Donald,* a *pro se* plaintiff brought a § 1983 suit against the Cook County Sheriff's department rather than naming the individual jail officers as defendants. *Id*. at 551. Later, after the Sheriff's Department filed a motion to dismiss, Donald realized his mistake and tried to amend his complaint to name the individual officers as defendants, but the statute of limitations already had expired. See *id*. The Seventh Circuit reversed the district court's dismissal of Donald's § 1983 suit because the court determined that the trial judge failed to assist Donald, who was proceeding *pro se*, in amending his complaint to name the proper defendants. The Court held that the trial judge should have permitted Donald to file an amended complaint, "but only because Donald

satisfied the mistake requirement for relation back under Rule 15(c)." *King*, 201 F.3d at 915. Donald's mistake was in naming only the administrative body, and not the individual officers, in his initial complaint.

Plaintiff, relying on *Donald*, contends that because he filed his initial complaint in this matter while he was incarcerated, equitable tolling should be applied. In *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000), decided after *Donald*, the Seventh Circuit refused to relax the requirements for relation back under nearly identical circumstances to this case. In *King*, a *pro se* prisoner filed a complaint just before the expiration of the statute of limitations, but the complaint failed to name the proper defendant responsible for the plaintiff's injuries. Instead, the plaintiff named "one unknown federal correctional officer." The court held that Plaintiff's failure to name the officer did not satisfy the "mistake requirement." *Id*. at 914 ("King did not mistakenly sue the wrong party. Nor did he mistakenly sue the BOP instead of suing an individual BOP officer. Rather, King had * * * 'a simple lack of knowledge of the identity of the proper party') (quoting *Baskin*, 138 F.3d at 704; *Wood*, 618 F.3d at 1230).

In this case, as in *King*, Plaintiff did not make a mistake concerning the individual officers' identities when he filed his original complaint. Rather, he simply did not know the identities of the police officers responsible for his arrest on October 26, 2006. Unlike in *Donald*, where the plaintiff sued only the administrative body, Plaintiff knew that he had to name an individual defendant. According to Seventh Circuit precedent, what happened in *Donald* could justify equitable tolling because the plaintiff had satisfied the "mistake requirement," but what happened here (and in *King*) does not justify equitable tolling because Plaintiff fails to satisfy the

9

mistake requirement. Accordingly, when Plaintiff amended his complaint to name the individual officers as defendants, that amendment did not relate back to the filing of his original complaint.

The Court recognizes the work that Plaintiff's court-appointed counsel has undertaken to investigate all avenues available to Plaintiff, including equitable tolling. Unfortunately, Plaintiff did not file this suit until a day or two before the two year statute of limitations had run on his false arrest claim, and his failure to name the proper defendants in his initial complaint cannot be attributed to "mistake" as that term is understood in the controlling case law.

The Court is aware of, and often employs, the Seventh Circuit's "extra measure of grace" that sometimes is accorded to incarcerated *pro se* litigants (see *Hall*, 469 F.3d at 597; *Donald*, 95 F.3d at 556); indeed, the Court did so in this case [see 6, at 2] in giving a broad construction to Plaintiff's initial complaint and explaining the manner in which allegations concerning "unknown officers" are handled in *pro se* cases in this circuit. However, the Court does not believe that *Donald* stands for the proposition that all *pro se* prisoner litigants are entitled to equitable tolling because, by virtue of the fact of their incarceration, they "in some extraordinary way" are prevented from asserting their rights. Plaintiff has not alleged that he exercised reasonable diligence to properly identify the individual officers while he was in prison and that he was thwarted all along the way. See, *e.g.*, *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) (observing that equitable tolling may be available where "despite all due diligence," a plaintiff is unable to obtain vital information bearing on the existence of his claim). To the contrary, Plaintiff waited until nearly the last day to file his lawsuit, even though (as Defendants note) at one time he had ready access to the name of at least one proper Defendant by virtue of the fact that Plaintiff was represented by counsel in the criminal proceedings underlying

10

his claims. Moreover, it is telling that the only manifestation of "due diligence" within the two year limitations period for § 1983 claims to which Plaintiff points is that his original complaint was timely filed as a result of the mailbox rule. In essence, then, Plaintiff asks the Court to view his status as a prisoner alone as sufficient to justify equitable tolling. Given Seventh Circuit precedent, the Court cannot make the required leap to justify relation back or equitable tolling under these circumstances. See *King*, 201 F.3d at 914-15.

### D. Plaintiff's § 1983 Claim Against the City of Chicago

Although it is not clearly stated in the amended complaint, Plaintiff appears to allege a *Monell* claim against Defendant City of Chicago. *Monell v. Department of Social Services of City of New York* provides that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436 U.S. 658, 691 (1978). Rather, "[a] municipality only may be held liable under § 1983 for constitutional violations caused by the municipality itself through its own policy or custom." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). A *Monell* claim "requires a finding that the individual officers are liable on the underlying substantive claim." *Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998); see also *Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003) ("a municipality cannot be found liable if there is no finding that the individual officer is liable on the underlying substantive claim"); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Because the Court has determined that Plaintiff's § 1983 claim against the individual officers must be dismissed, Plaintiff's § 1983 claim against the City also fails.

### E. Plaintiff's Malicious Prosecution Claim

Plaintiff may not maintain a § 1983 claim for malicious prosecution because there is a state law remedy for malicious prosecution. As the Seventh Circuit emphasized in *Newsome v. McCabe,* "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." 256 F.3d 747, 750 (7th Cir. 2001). Illinois has a common law tort action for malicious prosecution. *Miller v. Rosenberg,* 749 N.E.2d 946, 951-52 (Ill. 2001). Thus, any claim that Plaintiff has for malicious prosecution arises under Illinois law. *Newsome,* 256 F.3d at 750.

As previously mentioned, while a two-year period applies to § 1983 claims, a "one-year period applies to state-law claims [against local governmental entities and their employees] that are joined with a § 1983 claim." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Thus, Plaintiff's state law claim for malicious prosecution is subject to a one-year statute of limitations. Under Illinois law, "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004) (citation omitted); see also *Foryoh v. Hannah-Porter*, 428 F. Supp. 2d 816, 824 (N.D. Ill. 2006). In this case, Plaintiff's underlying criminal case was dismissed on May 11, 2007. Thus, Plaintiff had until May 11, 2008, in which to file a claim for malicious prosecution. Plaintiff did not file his original complaint until October 2008, well after the one-year statute of limitations had expired. Therefore, Plaintiff's malicious prosecution claim is time-barred.

### F. Plaintiff's Abuse of Process Claim

Plaintiff may not maintain a § 1983 claim for abuse of process because there is a state law remedy for abuse of process. As the Seventh Circuit stated in *Adams v. Rotkvich*, "consistent with our holding from *Newsome*, we conclude that abuse of process is not a free-standing constitutional tort if state law provides a remedy for abuse of process. Illinois provides such a remedy." 325 Fed. Appx. 450, 453 (7th Cir. 2009) (citing *Podolsky v. Alma Energy Corp.*, 143 F.3d 364, 372 (7th Cir. 1998)). Since Illinois has a common law tort action for abuse of process (see *Kirchner v. Greene*, 691 N.E.2d 107, 116 (Ill. App. Ct. 1st Dist. 1998)), any claim that Plaintiff has for abuse of process is pursuant to Illinois law. And since a "one-year period applies to state-law claims [against local governmental entities and their employees] that are joined with a § 1983 claim" (*Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005)), Plaintiff's state law claim for abuse of process is subject to a one-year statute of limitations. The criminal proceedings against Plaintiff were initiated with his arrest on October 26, 2006, and were terminated, in his favor, on May 11, 2007. Thus, Plaintiff should have filed his abuse of process claim by May 11, 2008. Plaintiff did not file his original complaint until October 2008, well after the one-year statute of limitations had expired. Therefore, Plaintiff's abuse of process claim also is time barred.

## III. Conclusion

For these reasons, the Court grants Defendants' joint motion to dismiss Plaintiff's amended complaint [38] and dismisses Plaintiff's amended complaint.

Dated: November 30, 2009

_____
Robert M. Dow, Jr.
United States District Judge